UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIAN PARAFINA,

        Plaintiff,                             CIVIL ACTION NO. 10-14894

       v.                                      DISTRICT JUDGE DAVID M. LAWSON

UNITED STATES POSTAL SERVICE,     MAGISTRATE JUDGE VIRGINIA MORGAN

        Defendant.
_____/

## REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT

### I. Introduction

This is an action by a *pro se* plaintiff against the United States Postal Service ("Postal Service") arising out of defendant's failure to deliver a package plaintiff tried to mail to Mozambique. The Honorable David M. Lawson granted plaintiff's application to proceed *in forma pauperis* and referred the matter to this court for, among other things, matters related to the review of *in forma pauperis* cases provided for in 28 U.S.C. § 1915(e)(2). For the reasons discussed below, this court recommends that plaintiff's complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

### II. Discussion

As discussed above, plaintiff has been granted *in forma pauperis* status (D/E #4). Pursuant to the statute governing such status, the court is required to *sua sponte* dismiss an *in*

*forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).

"Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007) (internal quotation omitted).  The court must "construe the complaint in the light most favorable to the plaintiff [and] accept all well-pleaded factual allegations as true." Trzebuckowski v. City of Cleveland, 319 F.3d 853, 855 (6th Cir. 2003) (reviewing dismissal under Federal Rule of Civil Procedure 12(b)(6)).  Furthermore, the court must hold pleadings filed by a *pro se* litigant "to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and may not uphold the dismissal of such a pleading "simply because [we] find[ ] the plaintiff's allegations unlikely." Denton v. Hernandez, 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992).

Here, plaintiff's complaint does not describe his claim in great detail or allege any basis for jurisdiction over the claim broadly asserted against defendant (D/E #1).  However, the addendum to the complaint (D/E #5) clearly demonstrates that plaintiff is claiming that he attempted to send a package to relatives in Mozambique through the mail and, while defendant accepted the package for delivery, the package was never delivered and is now lost.

Given those allegations, this court construes plaintiff's claim as a tort action against the Postal Service for the negligent mishandling of his mail pursuant to the Federal Tort Claims Act

(FTCA)[1]. The United States and its agencies are protected from suit by sovereign immunity absent a waiver, Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994), and "a claim falling within the terms of the waiver," United States v. White Mountain Apache Tribe, 537 U.S. 465, 472, 123 S.Ct. 1126, 155 L.Ed.2d 40 (2003) (citations omitted). In the FTCA, Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees. See 28 U.S.C. § 1346(b)(1); Ali v. Federal Bureau of Prisons, 552 U.S. 214, 217-218, 128 S.Ct. 831, 169 L.Ed.2d 680 (2008). Specifically, in the relevant part, the FTCA authorizes "claims against the United States, for money damages ... for injury or loss of property ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1)

Nevertheless, despite the waiver of sovereign immunity in the FTCA, plaintiff's claims are barred. As an initial matter, this court would note that plaintiff has incorrectly named the Postal Service as the defendant and his complaint could be dismissed on that basis alone. The Postal Reorganization Act[2] generally "waives the immunity of the Postal Service from suit by giving it the power 'to sue and be sued in its official name,'" Postal Service v. Flamingo Industries (USA) Ltd., 540 U.S. 736, 741, 124 S.Ct. 1321, 158 L.Ed.2d 19 (2004) (quoting 39 U.S.C. § 401(1)). The statute also provides that the Federal Tort Claims Act (FTCA) "shall apply to tort claims arising out of activities of the Postal Service," 39 U.S.C. § 409(c). The

---

[1] 28 U.S.C. §§ 2671-2680.

[2] 39 U.S.C. § 101 *et seq*.

FTCA, in turn, does not authorize suits against a federal agency in its own name. See 28 U.S.C. § 2679(a) ("The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) ..."). The United States is the only proper defendant in an action under the FTCA, and, therefore, "[f]ailure to name the United States as a defendant in an FTCA suit results in a fatal lack of jurisdiction." Allgeier v. United States, 909 F.2d 869, 871 (6th Cir.1990). See also Johnston v. O'Neill, 130 Fed.Appx. 1, 6 n. 2 (6th Cir. 2005) (quoting and relying on Allgeier). Because plaintiff has not named the United States as a defendant in this FTCA action, plaintiff's complaint should be dismissed.

Moreover, even if plaintiff has properly named the United States as the defendant, his claim must still be dismissed. The FTCA qualifies its waiver of sovereign immunity for certain categories of claims and, if one of the exceptions applies, the bar of sovereign immunity remains. Dolan v. U.S. Postal Service, 546 U.S. 481, 485, 126 S.Ct. 1252, 163 L.Ed.2d 1079 (2006). The thirteen categories of exempted claims are set forth in 28 U.S.C. § 2680, and the relevant subsection for this case, pertaining to postal operations, is § 2680(b). Section 2680(b) states: "The provisions of this chapter and section 1346(b) of this title shall not apply to ... [a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." Here, plaintiff's claims directly arise out of the loss of his package and, consequently, the bar of sovereign immunity remains. See, e.g., Livingston v. Martin, 28 Fed. Appx. 434, 435 (6th Cir. 2002) (holding that a claim for alleged negligent failure to deliver recipient's mail in timely and cohesive manner was barred by United States' sovereign immunity under the FTCA); Griffin v.

U.S. Postal Service, 181 F.3d 101 (Table), 1999 WL 282628, 1 (6th Cir. 1999) (dismissing the plaintiff's claim on the basis that the United States has expressly retained its sovereign immunity over claims for negligent handling of the mail which are filed under the FTCA); Scott v. Johnson, No. No. 07-11560, 2007 WL 4219383, *4 (E.D. Mich. Nov. 29, 2007) (Lawson, J.) (adopting a Magistrate Judge's recommendation and dismissing plaintiff's claims because the complaint alleged misdelivery or nondelivery of mail and such claims fall within the postal exception to the FTCA's waiver of sovereign immunity).

It is well settled that "the United States, as sovereign, is immune from suit save as it consents to be sued ..., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain suit." United States v. Mitchell, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980) (internal quotation and citation omitted). Here, the United States has expressly retained its sovereign immunity over claims for negligent handling of the mail, see 28 U.S.C. § 2680(b), and plaintiff's complaint should be dismissed *sua sponte* pursuant to 28 U.S.C. 1915(e)(2)(B)(ii)-(iii).

### III. Conclusion

For the reasons discussed above, this court recommends that plaintiff's complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

Plaintiff may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of

HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

        S/Virginia M. Morgan
        Virginia M. Morgan
        United States Magistrate Judge

Dated: January 11, 2011

---

### PROOF OF SERVICE

The undersigned certifies that the foregoing document was served upon plaintiff via the Court's ECF System and/or U. S. Mail on January 11, 2011.

        s/J. Johnson
        Case Manager to
        Magistrate Judge Virginia M. Morgan