UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIAN PARAFINA,

            Plaintiff,            Case Number 10-14894
v.            Honorable David M. Lawson
           Magistrate Judge Virginia M. Morgan
UNITED STATES POSTAL SERVICE,

            Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT

Julian Parafina filed a *pro se* complaint against the United States Postal Service alleging that the USPS failed to deliver a package that he had mailed to a foreign country. The Court referred this case to Magistrate Judge Virginia M. Morgan for pretrial management. On January 11, 2011, Judge Morgan filed a report recommending that the Court dismiss the case on its own motion after she completed the screening required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The plaintiff filed timely objections and the matter is before the Court for fresh review. The Court concludes, as did the magistrate judge, that there are two fatal flaws in the complaint that compel dismissal: the plaintiff has named the wrong defendant, and the correct defendant — the United States — is immune from this lawsuit. Therefore, the Court will adopt the report and recommendation and dismiss the complaint.

I.

According to the complaint and the addendum attached to it, on April 23, 2008, the plaintiff mailed a package to relatives in Mozambique through the USPS. The package contained a laptop computer, a personalized laptop carrying case, and twenty bottles of perfume that the plaintiff values

at around $4,000. The plaintiff sent the package via priority mail and was given a tracking number. The package did not reach its destination.

The plaintiff says he telephoned the post office several times between April 23, 2008 and July 17, 2008 trying to locate the package. He asked for the tracking information of the package along with the carrier's name, presumably to track the location of the package once it left the hands of the USPS, but the USPS did not supply the information. The plaintiff initiated a formal inquiry to the International Inquiry Center (IIC) as to the location of the package on May 27, 2008. The USPS requires the owner of any lost international package to initiate a formal inquiry, which launches investigations in both the origin and destination countries. After receiving the inquiry, the USPS forwarded it to the Mozambique Post but received no response. The plaintiff pursued further correspondence with the USPS through Senator Carl Levin starting in July 2008. In one of several letters sent to the USPS on behalf of the plaintiff, Senator Levin asked the USPS representatives to supply the last known whereabouts of the package. After receiving that request, the USPS launched its own investigation and found that the South African Post received the package. However, after the package reached the South African mailing system, the USPS no longer had the ability to track its location. The USPS sent the plaintiff an indemnity claim form, but the maximum indemnity payable to the plaintiff apparently was only $44.88 plus postage.

Understandably dissatisfied, the plaintiff filed an administrative claim for reimbursement under the Federal Torts Claims Act (FTCA) with the USPS legal department, but the claim was denied. The plaintiff appealed that decision, and on June 18, 2010, the USPS sent the plaintiff a letter denying the claim again. The letter informed the plaintiff that if he were unhappy with the decision, he had the right to file a suit in a United States District Court. The letter also informed the

plaintiff that the only possible defendant in a civil action brought under the FTCA is the United States of America.

On December 9, 2010, the plaintiff filed his *pro se* complaint but named the United States Postal Service as the defendant. He alleged negligent mishandling of his mail and cited the FTCA. The Court granted the plaintiff's request to proceed *in forma pauperis*, but denied his application for appointment of counsel.

The case was referred to Magistrate Judge Virginia M. Morgan for general case management in accordance with 28 U.S.C. § 636(b). After conducting the mandatory screening required by 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii), Judge Morgan filed a report on January 11, 2011 recommending that the case be dismissed. The plaintiff timely filed objections, and the matter is before the Court for *de novo* review. To date the United States Postal Service has not been served.

II.

The magistrate judge concluded that the only proper defendant in the case was the United States of America. She stated that naming the USPS amounted to a fatal jurisdictional flaw. But even if that misnomer were cured, Judge Morgan observed that a specific provision of the FTCA preserves the USPS's immunity from suit for claims arising from the alleged misdelivery of mail. Therefore, she believed that the Court has no jurisdiction to entertain a claim because the United States has not consented to be sued for the tort that the plaintiff attempts to describe in his suit papers.

The plaintiff first objects to the magistrate judge's assertion that he failed to state in detail a claim upon which "monetary relief should be granted." Pl.'s Obj. at 1. To support this objection, the plaintiff restates his complaint in full, giving a detailed and chronological account of the facts

that led to him filing suit. The plaintiff also argues that the magistrate judge improperly concluded that the USPS is immune from his claim because the FTCA, 28 U.S.C. § 1346(b), waives immunity for government employees acting within the scope of their employment. The plaintiff also objects to the magistrate judge's determination that the exception to the FTCA's waiver of sovereign immunity found in 28 U.S.C. § 2680(b) applies in this case, because "priority, registered or certified mail does not fall within the definition" of the exception listed under 28 U.S.C. § 2680(b). Pl.'s Obj, at 3. Finally, the plaintiff argues that the United States Postal Service was never meant to be wholly exempt from all tort claims. He reasons that if Congress wanted to grant full immunity from all tort claims, it would have done so expressly as it did for the Tennessee Valley Authority and the Panama Canal Company in 28 U.S.C. § 2680(l) and (m).

Objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380). "[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

When a plaintiff asks the court to waive fees and costs because he cannot afford to pay them, the court has an obligation to screen the case for merit and dismiss the case if it "(i) is frivolous or

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Although a *pro se* litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), such complaints still must plead facts sufficient to show a redressable legal wrong has been committed. Fed. R. Civ. P. 12(b)(6); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001). "The leniency granted to *pro se* [litigants] . . . is not boundless." *Martin v. Overton*, 391 F.3d. 710, 714 (6th Cir. 2004). The screening mandated by Congress in section 1915(e)(2) includes the obligation to dismiss civil complaints filed by prospective *pro se* filers if they "fail to state a claim upon which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

It is well established that a claim against the United States is barred absent waiver of sovereign immunity, "'and the terms of [the government's] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Testan*, 424 U.S. 392, 399 (1976) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). A waiver of immunity cannot be implied; it must be "unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996); *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (holding that federal courts have no subject matter jurisdiction to hear a claim against the United States or one of its agencies absent a clear waiver of sovereign immunity). Absent a waiver of immunity, the federal courts do not have jurisdiction to

hear a case filed against the United States or one of its agencies. The Federal Tort Claims Act waives the sovereign immunity of the United States for:

> [m]oney damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

A.

The plaintiff's first objection to the magistrate judge's assertion that he failed to state a claim upon which relief can be granted has no merit. The plaintiff does not support his objection with any valid explanation. Instead, he restates the facts found in his complaint, but his objections do not address the fact that he named the wrong defendant and that the USPS is immune from suit.

Under 28 U.S.C. § 2679(a), the United States is the only proper defendant in a suit filed under the FTCA, and "[f]ailure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction." *Allgeier v. United States,* 909 F.2d 869, 871 (6th Cir. 1990) (citing *Vernell v. U.S. Postal Serv.*, 819 F.2d 108, 110 (5th Cir. 1987)). Although the Postal Reorganization Act, 39 U.S.C. § 401(1), "waives the immunity of the Postal Service from suit by giving it the power to 'sue and be sued in its official name,'" *U.S. Postal Serv. v. Flamingo Indus. (USA) Ltd.*, 540 U.S. 736, 740 (2004), the statute also provides that the FTCA "shall apply to tort claims arising out of activities of the Postal Service," 39 U.S.C. § 409(c). That connection to the FTCA is consistent; the FTCA provides that "[t]he authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under

section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive." 28 U.S.C. § 2679(a).

The plaintiff has not named the United States as a defendant in this case. "Failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction." *Allgeier*, 909 F.2d at 871. The magistrate judge was correct.

Of course the Court could indulge an amendment to the complaint if the simple misnomer were the only problem. After all, pleadings filed by the plaintiff are held to a "less stringent standard[ ] than formal pleadings drafted by lawyers." *Hanes v. Kerner*, 404 U.S. 519, 520 (1972). But, for the reasons explained below, that amendment would not save the plaintiff's case.

B.

The plaintiff's next objections address the crux of his problem. He says that the magistrate judge was incorrect in her conclusion that the United States is immune from suit, arguing that (1) the United States is not immune from his claim because the FTCA waives that immunity, (2) the exception to the waiver does not apply in this case, and (3) the USPS was never meant to be wholly exempt from all claims.

Congress has the authority to define the conditions under which the United States consents to be sued. *Honda v. Clark*, 386 U.S. 484, 501 (1967). "The FTCA qualifies its waiver of sovereign immunity for certain categories of claims (13 in all). If one of the exceptions applies, the bar of sovereign immunity remains. The 13 categories of exempted claims are set forth in 28 U.S.C. § 2680." *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 485 (2006). "The § 2680 exceptions are designed to protect certain important governmental functions and prerogatives from disruption." *Molzof v. United States*, 502 U.S. 301, 311 (1992). These exceptions signify the "boundary between

Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals." *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 808 (1984).

Section 2680(b) pertains to postal operations and states, in relevant part, that "[t]he provisions of this chapter and section 1346(b) of this title shall not apply to . . . [a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." The *Dolan* Court explained that the postal operations exception bars tort claims involving "personal or financial harms arising from nondelivery or late delivery of sensitive materials or information," such as "medicines or a mortgage foreclosure notice." *Dolan*, 546 U.S. at 489. The *Dolan* Court also noted that section 2680(b) applies to the "negligent handling of a mailed parcel" that results in damage to the parcel. *Ibid*. "Such harms, after all, are the sort primarily identified with the Postal Service's function of transporting mail throughout the United States." *Ibid*. The Court explained that the postal operations exception will not apply in other delivery-related torts, including accidents caused by the negligent handling of postal motor vehicles. *Dolan*, 546 U.S. at 488. Congress did not intend to insulate the government from liability where injuries "happen to be caused by postal employees but involve neither failure to transmit mail nor damage to its contents. *Id*. at 487.

The plaintiff cites *Dolan* for the idea that his suit must survive. In *Dolan*, the Supreme Court held that the exception in section 2680(b) did not bar a suit for injuries where the plaintiff alleged that a postal worker negligently left mail on a porch that caused the party to trip and fall. But *Dolan* held that "[C]ongress intended to retain immunity . . . for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." *Dolan*, 546 U.S. at 489. The *Dolan* decision actually supports the magistrate

judge's determination that the United States retains its sovereign immunity in the present case. The plaintiff's package failed to arrive at its destination. That is precisely the type of claim that Congress referenced in the FTCA, and *Dolan* confirms that Congress intended to retain immunity for suits such as the present one.

The plaintiff also cites *Berkovitz v. United States*, 486 U.S. 531 (1988), to support this argument, but *Berkovitz* interpreted a different exception under section 2680 and has no bearing on the case at hand.

Lastly, the plaintiff argues that the United States Postal Service was never meant to be wholly immune from all tort claims. He contends that if Congress had intended such a result, it would have granted the USPS full immunity like it did with the Tennessee Valley Authority and the Panama Canal Company. The plaintiff is correct; in *Dolan*, the Court held that the postal exception does not extend to all delivery-related torts. But that does not help his case because, as *Dolan* makes clear, the United States is immune from his particular claim.

III.

The Court agrees with the recommendations of the magistrate judge and finds that the plaintiff's objections are without merit. Upon *de novo* review under 28 U.S.C. § 1915(e)(2)(B), the Court determines that the lawsuit must be dismissed.

Accordingly, it is **ORDERED** that the Magistrate Judge's report and recommendation [dkt. #6] is **ADOPTED**, and the plaintiff's objections [dkt. #7] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
Dated: July 24, 2012　　　　　　　　　　　　United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 24, 2012.

                                        s/Deborah R. Tofil
                                        DEBORAH R. TOFIL